IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| ARCHIE CABELLO, | ) | |
| | ) | 3:16-CV-01780-JO |
| Defendant-Petitioner | ) | 3:10-CR-00482-JO-01 |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

JONES, District Judge:

Petitioner Archie Cabello ("Cabello") moves the court to vacate, set aside, or correct his sentence under 28 U.S.C. §2255. (#287) Cabello asserts six separate grounds for relief concerning his convictions and sentence. For the reasons set forth below, I DENY Cabello's motions.

## BACKGROUND

On December 3, 2010, a federal grand jury returned a 51-count Indictment (#1) which charged Cabello with conspiracy to defraud the United States, possession of stolen bank funds, making false statements on credit applications, making and subscribing a false income tax return, and conspiracy to launder money stemming from his role in a series of armed car and financial institution robberies. On September 17, 2012, Cabello,

appearing *pro se* with standby counsel, pleaded guilty to eight of the counts (#150). There was no plea agreement in the case.

Cabello appealed the convictions contending his waiver of counsel was not valid, that his guilty plea was not knowing and voluntary and that the district court failed to establish an adequate factional basis for his guilty plea. The Ninth Circuit reached each of these grounds, ruling that Cabello's waiver of his right to counsel was knowing and intelligent, that his plea was knowingly, intelligently and voluntarily made and had an adequate factual basis. *United States v. Cabello,* 599 Fed. Appx. 761 (9th Cir. 2015). (#281-1). In May 2015, the Court of Appeals denied Cabello's petition for rehearing *en banc* (#280). The United States Supreme Court denied his petition for writ of certiorari in October 2015 (#284). *Cabello v. United States*, 136 S.Ct. 280 (2015).

Having exhausted his appellate remedies, Cabello filed this §2255 petition asking the court to vacate his sentence and dismiss all charges with prejudice or, in the alternative, to vacate his sentence and remand for further proceedings.

## DISCUSSION

### 1. Denial of Counsel of Choice

Cabello's first ground for relief is that the District Court denied him his choice of legal counsel, Gerald Boyle, Cabello's long time attorney.

### Legal Standard

The Sixth Amendment to the Constitution guarantees that "in all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." The purpose of providing assistance of counsel "is simply to ensure that

criminal defendants receive a fair trial," *Strickland* v. *Washington*, 466 U.S. 668, 689 (1984).   While the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers.   See *Morris* v. *Slappy*, 461 U.S. 1, 13-14(1983); *Jones* v. *Barnes*, 463 U.S. 745 (1983).   "The Sixth Amendment right to choose one's own counsel is circumscribed in several important respects.   Regardless of his persuasive powers, an advocate who is not a member of the bar may not represent clients (other than himself) in court.   Similarly, a defendant may not insist on representation by an attorney...who ... declines to represent the defendant." *Wheat v. United States*, 486 U.S. 153, 159 (1988).

## Discussion

During Cabello's sentencing hearing, his son Vincent testified that in 1998, Cabello took Vincent to attorney Gerald Boyle's home in Milwaukee, Wisconsin where Cabello hired Boyle to represent Vincent.   At the time, Vincent was under investigation for stealing $700,000 in $20 bills from the vault of the American Security Corp. in downtown Milwaukee in July 2013.   *See* #301 Ex. 1, Transcript of March 13, 2013, hearing at 3-5 (pp.42-44 of original).   Cabello and Vincent paid Boyle $10,000 in $20 bills for him to represent Vincent "so [Vincent] wouldn't have to talk to the police anymore." *Id* at 4 (p.43 of original).

On May 13, 2010, Boyle, Boyle & Boyle, Gerald Boyle's law firm, filed a form 8300 with the Internal Revenue Service indicating that it had received cash payments from Cabello totaling $14,800 in 2010 in denominations of $100 bills or higher.   (#301

Ex. 2, 8300 Form filed by Bridget Boyle). Those payments were made while Cabello was under investigation for the theft in 2005 of $3,000,000, all in $100 bills, from Oregon Armored Car. Count 50 of the indictment in this case alleged a money laundering count against Cabello involving a cash payment of $7400 in stolen funds to Boyle, Boyle & Boyle (#1).

At Cabello's sentencing hearing, Cabello's wife, Marian, testified that Cabello paid attorney Gerald Boyle in stolen cash in May 2010 before the three family members were indicted. She testified that the family did not have any other source of cash other than the stolen money (#301 Ex. 3, Transcript of Sentencing Hearing of March 20, 2013, at 3-7 (pp.68-72 of original)).

On December 17, 2010, two weeks after Cabello's indictment, Gerald Boyle sent a letter to AUSA Claire Fay concerning this case. In that letter, Boyle acknowledged having represented Vincent "in 1997(sic)," and Cabello in 1995 and again in 2005. Boyle's stated purpose of the letter was, at least in part, to determine whether the government believed he had a conflict of interest. Boyle acknowledged receiving cash from Cabello and reporting the cash payments to the IRS. Boyle asserted that he believed he could continue to represent Archie Cabello despite those facts. Boyle said:

> I am asking that you respond to this letter in kind and let me know what your position is. Hopefully if I can be hired, I will be able to find a way of being admitted pro hoc (sic) vice so that I can start full time representation of Archie Cabello or one of the other two members of the family as I have not broached that subject matter yet. If I come to believe I am prohibited by law in representing Archie, I will not represent him. If however I am convinced that he is being treated differently than other accused individuals I will then make the appropriate motion to the court to get a judicial determination.

#301 Ex. 4, Letter by Gerald P. Boyle to C. Fay, December 17, 2010, at p.3.

AUSA Fay replied by letter on December 17, 2010. AUSA Fay identified several reasons why the government believed Gerald Boyle had a conflict of interest that prevented him from representing Cabello: (1) he had represented co-defendants Vincent and Marian Cabello in past matters that were part of the charged indictment and had learned certain information or confidences that would hinder effective representation of Cabello; (2) Boyle and his firm had received cash from Cabello that was a proceed of a criminal activity, which was a basis of count 51 (money laundering conspiracy) and an overt act charged in count 50 of the indictment, and that the government intended to call Gerald and his daughter and law partner Bridget Boyle as witnesses against petitioner; and (3) the government believed that, because petitioner had no significant lawful income, any future payments to Boyle would involve proceeds of unlawful activity and would constitute a continuing offense of possession of stolen bank funds. (#301 Ex. 5, Letter of AUSA C. Fay to G. Boyle, December 17, 2010).

A few days later, Gerald Boyle replied by letter and told the government that he would not be representing Cabello. (#301. Ex. 6, Letter from G. Boyle to AUSA Fay, December 31, 2010). At the time of trial, the government filed a witness list naming Gerald and Bridget Boyle as witnesses the government had subpoenaed and planned to call to testify against Cabello.

Cabello, through the course of his case, was represented by four court-appointed lawyers, but has also conducted much of his defense *pro se.* (#5 (appointing AFPD Patrick Ehlers); #26 (appointing Michael R. Smith, after P. Ehlers withdrew); #164 (appointing Michael Levine, after M. Smith withdrew); #173 (granting defendant's

motion to proceed *pro se)*; (appellate record) (appointing Robert A. Weppner as appellate counsel).

I need not reach the merits of his argument because Cabello waived this issue by not raising it on direct appeal. "A § 2255 movant procedurally defaults in his claims by not raising them on direct appeal and not showing cause and prejudice or actual innocence in response to default." *United State v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003). While Cabello mentioned his contention regarding Boyle in a footnote of his opening brief before the Ninth Circuit, (*See* appellant's brief, note 17), it was not an assignment of error on appeal. Thus, he procedurally defaulted his claim. In this petition, Cabello does not attempt to demonstrate cause and prejudice for the default, nor does he claim actual innocence. The denial of Cabello's choice of counsel does not provide a basis for relief under § 2255.

Even on the merits, Cabello does not prevail. The record shows clear conflicts of interest for Gerald Boyle to serve as counsel for Cabello. Boyle contemplated representing Cabello, but after making inquiries with the government as to the feasibility of representing Cabello, Boyle declined to do so. Cabello may not insist on representation by counsel who declined to represent him.

## 2. Ineffective Assistance of Counsel with Regard to Petitioner's Pre-Trial Motions

Cabello asserts that his counsel, Michael Smith ("Smith"), provided ineffective assistance by failing to challenge the district court's ruling on his pre-trial motions.

## Legal Standard

To establish ineffective assistance of counsel, a defendant must show: (1) his legal representation was so deficient it amounted to a denial of his Sixth Amendment right to counsel; and (2) there is a reasonable probability that the "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *accord United States v. Withers*, 618 F. 3d 1008, 1019 (9th Cir. 2010); *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (requiring that a defendant must show both deficient performance and prejudice to prove ineffective assistance of counsel). If a defendant fails to prove either prong, the entire ineffective assistance of counsel claim fails. *Strickland*, 466 U.S. at 700. Regarding the first prong of the *Strickland* test, "the defendant must show that the counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688; *accord Withers*, 618 F.3d at 1019. Regarding the second prong, a "reasonable probability" means "a probability sufficient to undermine confidence in the outcome." *Matylinsky v. Budge*, 577 F.3d 1083, 1091 (9th Cir. 2009) (quoting *Strickland*, 466 U.S. at 694). The defendant has the burden of showing that the errors "actually had an adverse effect on the defense." *Strickland*, 466 U.S. at 693.

Judicial inquiry into counsel's performance "must be highly deferential," and strategic choices as to how to defend a case are "virtually unchallengeable." *Strickland*, 466 U.S. at 689-90. In addition, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689.

To satisfy the prejudice prong, "a challenger must demonstrate a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Harrington v. Richter*, 562 U.S. 86 104 (2011). However, "it is not enough to show that the errors had some conceivable effect on the outcome of the proceeding. Counsel's errors must be so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Harrington*, 562 U.S. at 104.

## Discussion

Judge King appointed Smith as counsel for Cabello on January 27, 2011. (#26) In his representation of Cabello, Smith filed numerous pre-trial motions including a motion to dismiss indictment (#89), a motion to sever counts (#90), and a motion to suppress and exclude evidence (#92).[1] I denied Cabello's motion to sever at the time of the hearing and took under advisement the remaining motions. Following the hearing, I requested additional briefing on the remaining motions and Smith filed his reply (#109). At the final pre-trial conference, Smith argued in support of his motions. I denied defendant's motions to dismiss the indictment and to suppress and exclude evidence.

Cabello's plea was not a conditional plea under Fed. R. Crim. P. 11(a)(2). Cabello did not reserve in writing the right to have an appellate court review an adverse determination of a specified pre-trial motion. His plea petition, at paragraph 8, declared that he knew by pleading guilty he would not be able to appeal from the judge's denial of any pretrial motions (*See* #148 at p.4).

---

[1] During the course of litigation, Smith filed several additional motions that are not germane to Cabello's arguments here, e.g. petitioner's motion in limine to exclude evidence of privileged marital communications (#117); motion in limine to exclude evidence of poverty (#118); motion in limine to suppress evidence of jail phone calls (# 119).

Cabello knowingly waived his opportunity to appeal the pre-trial rulings when he pleaded guilty unconditionally. It is well-settled law that "an unconditional guilty plea … constitutes a waiver of the right to appeal all non-jurisdictional antecedent rulings and cures all antecedent constitutional defects." *United States v. Foreman*, 329 F.3d 1037, 1038 (9th Cir. 2003), *overruled on other grounds* by *United States v. Jacobo Castillo*, 496 F. 3d 947, 949 (9th Cir. 2007) (en banc) (quoting *United States v. Reyes-Platero*, 224 F.3d 1112, 1114 (9th Cir. 2000)); *see Tollett v. Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 36 L.Ed.2d 235 (1973) (holding a valid guilty plea constitutes a complete waiver of claims of error occurring prior to plea, including claims arising out of denial of a motion to substitute counsel). Because Cabello pleaded guilty unconditionally, he cannot assert any prejudice as to the rulings on his pre-trial motions.

Even if Cabello had not waived his right to appeal the pre-trial rulings, under *Strickland*, Cabello still does not prevail. He must prove that Smith's performance fell below an objective standard of reasonableness, and that Smith's deficient performance prejudiced the defense. Smith filed appropriate motions, argued them with skill and professionalism, and provided responses and replies as requested. Cabello points to no specific deficiency that would meet the standard that counsel's performance "fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 697. Cabello fails to meet his burden under *Strickland.*

### 3.  Fraudulent Plea Petition

Cabello makes a number of contentions concerning the affect his plea petition had on the legality of his plea and its impact on his motion to withdraw his plea. Specifically, he contends the plea was fraudulent because it lacked adequate factual basis, he was

coerced to plead guilty and the plea colloquy contained irregularities.  In essence, these are the same arguments he made in his direct appeal to the Ninth Circuit.

## Legal Standard

Pursuant to the "law of the case doctrine," a court is ordinarily precluded from reexamining an issue decided by the same court, or a higher court, in the same case. *United States v. Jingles*, 702 F.3d 494, 498 (9th Cir. 2012).  In order for the doctrine to apply, "the issue in question must have been 'decided explicitly or by necessary implication in [the] previous disposition.'"  *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000).  Furthermore, a court may decline to apply the decision of a previous court as the law of the case if: "(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial."  *Gonzalez v. Arizona*, 677 F.3d 383, 390 n. 4 (9th Cir.2012) (en banc) (quoting *Jeffries v. Wood*, 114 F.3d 1484, 1489 (9th Cir.1997) (en banc)).

## Discussion

The Ninth Circuit reviewed Cabello's appeal concerning the propriety of his guilty pleas and the district court's denial of his motion to withdraw his plea, and explicitly rejected those points on appeal.  *United States v. Cabello*, 599 Fed. Appx. 761 (9th Cir. 2015).  In a memorandum disposition, the Ninth Circuit said:

> The record demonstrates that there was no plain error in the district court's Rule 11 plea colloquy because there was an adequate factual basis for each count at the time Cabello pleaded guilty.  Even assuming there were a Rule 11 error, we reverse "only if it affected the defendant's substantial rights."

Here, "look[ing] to the entire record and not the plea proceedings alone," and considering in particular the inculpatory testimony of Cabello's wife and son, it is clear that there was a factual basis for Cabello's plea.

Therefore, any Rule 11(b)(3) error did not affect Cabello's substantial rights and does not warrant vacatur of his convictions.

It is well-settled law in the Ninth Circuit that a prisoner's initial §2255 motion may be dismissed by the district court if it raises claims that were previously decided on direct appeal. *United States v. Jingles*, 702 F.3d 494, 498 (9th Cir. 2012). Cabello's complaints here are barred because they were already raised and decided on appeal.

## 4. Inadequate *Faretta* Hearing and denial of the right of self-representation[2]

Cabello's fourth ground is actually two separate claims. First, he asserts the trial court's Faretta hearing was inadequate and second, that the court effectively denied him the right of self-representation when it failed to provide him time to prepare for trial after granting his request to represent himself. Cabello raised the *Faretta* issue on direct appeal and the Ninth Circuit ruled:

> Cabello's waiver of his right to counsel was knowing and intelligent. Although the district court's September 17, 2012, *Faretta* hearing was not comprehensive, the record demonstrates that by the time Cabello waived his right to counsel on November 15, 2012, after pleading guilty, he understood "1) the nature of the charges against him, 2) the possible penalties, and 3) the dangers and disadvantages of self-representation." The district court had discussed each of these elements in open court, and Cabello had also filed a lengthy handwritten motion, in which he recited the charges against him and described requirements for the government to prove a conspiracy.

599 Fed. Appx. At 761 (citations omitted).

---

[2] As filed, Cabello's § 2255 petition lacked pages 18-20 and 34. However, in his "Defendants motion to deny governments request for extension and extension of time and dismiss charges for failure to respond in a timely manner" (#297), Cabello attached the missing pages as an exhibit. In ruling on this claim and the sixth claim raised later, I considered the missing pages as if they had been filed with the original petition.

As the law of the case, Cabello cannot now re-litigate this issue. *Jingles*, 702 F.3d at 498.

Cabello also asserts that the trial court's denial of his request for a continuance after granting him the right to represent himself rendered that right of self-representation meaningless because he did not have adequate time to prepare for trial. He did not address this issue on direct appeal and raises it for the first time in this petition and thus, procedurally defaulted his claims. *United States v. Ratigan*, 351 F.3d 957, 962 (2003). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622, (1998) (internal citations omitted). Here, Cabello provides no argument or evidence demonstrating 'cause' or 'actual prejudice' or that he is 'actually innocent.' He has failed to show he should be excused from his procedural default.

## 5. "Ineffective Attorney-Fraud on the Court"

Cabello contends that the plea petition was fraudulent because it contained alterations and interlineations that resulted in him pleading guilty to multiple counts when he thought he was pleading guilty only to Counts 1 and 51. Cabello asserts that the changes could only have been perpetrated by his defense attorney. He also touches on the adequacy of the plea colloquy. Cabello raised these issues before me when he moved to withdraw his guilty plea, but did not assert them on appeal. In failing to raise these arguments before the Ninth Circuit, Cabello again procedurally defaulted this claim. *Ratigan*, 351 F.3d at 962 (2003). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the

defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622, (1998) (internal citations omitted). Here, Cabello provides no argument or evidence demonstrating 'cause' or 'actual prejudice' or that he is 'actually innocent.' He has failed to show he should be excused from his procedural default.

Even if Cabello had not procedurally defaulted the claims, he still would not prevail. The Ninth Circuit memorandum disposition in this case, in upholding my denial of his motions to withdraw his guilty plea, stated:

> The district court did not abuse its discretion in denying Cabello's motions to withdraw his guilty plea. Cabello argued before the district court that he should be permitted to withdraw his plea because he was not guilty of the charges; because the plea "resulted from confusion, duress, and lack of competent counsel;" and because he believed at the time of his plea that he was only pleading guilty to count 1 and 51 of the indictment. Cabello abandons those arguments here, and provides no basis for us to conclude that the district court did not exercise its discretion appropriately.

599 Fed. Appx. At 761-62 (citations omitted).

While Cabello did not make the specific arguments he now raises before the Ninth Circuit, those arguments challenge my denial of his motion to withdraw his plea. The Ninth Circuit upheld my denial of Cabello's motion to withdraw his guilty plea. Thus, the Ninth Circuit's ruling on this issue becomes "the law of the case." Pursuant to *Jingles*, I'm precluded from reconsidering Cabello's claim.

6. **Sentencing Error as to the Money Laundering Conviction**

Finally, Cabello asserts a sentencing error as to his conspiracy to commit money laundering conviction. He argues that the 240-month sentence for money laundering was disproportionate to the behavior. He contends that because he used the money for everyday household or travel purposes and never concealed the source or destination of

the funds, no money laundering occurred. Cabello raises this claim for the first time in his § 2255 petition. Thus, he procedurally defaulted the claim by failing to raise it on direct review and here, fails to demonstrate cause and prejudice or actual innocence in response to his default. *Ratigan*, 351 F. 3d at 962, 965.

## CONCLUSION

For the foregoing reasons, Cabello's petition under 28 U.S.C. §2255 to vacate, set aside, or correct his sentence is DENIED. (#287)  All other pending motions are DENIED as MOOT. (#289, #297, #300)

The court declines to issue a certificate of appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. §2253 (c)(2).

IT IS SO ORDERED.

DATED this ___21st___ day of February, 2017.

Robert E. Jones, Senior Judge
United States District Court